**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CASTLE OIL CORPORATION,

                                    Plaintiff,

     - against-

LOUIS ROMANO, SR., JOHN DOES AND
X Y & Z CORPORATIONS, BEING ANY
OTHER PERSONS AND/OR ENTITIES
PARTICIPATING IN THE PUBLISHING,
REPUBLISHING AND/OR DISTRIBUTION
OF THE DEFAMATORY STATEMENTS
AT ISSUE,

                                    Defendants.

No. 12-CV-5971-AKH

**ANSWER**

 

Defendant, Louis Romano ("Romano"), by his attorneys, hereby answers the Complaint

of Plaintiff Castle Oil Corporation ("Castle") as follows:

**Nature of the Action**

1.     Romano denies that he made any intentionally false and/or misleading

misrepresentations of fact disparaging Castle's business and defaming Castle's commercial

reputation.  Romano further denies that the allegations of the Complaint sufficiently state a claim

for violation the Lanham Act, 15 U.S.C. § 1125, defamation, tortious interference with

contractual relations, interference with advantageous business relations, a violation New York

General Business Law § 349, and/or unfair competition, and otherwise denies the remaining

allegations.

2.     Romano denies knowledge of information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.     Romano admits he is a resident of New Jersey and is the Chief Executive

Officer of Informa Energy, Inc. ("Informa"), admits that he was previously a senior employee of

Castle, and admits that he resigned in 2006.  Romano denies that he or Informa competes in any

relevant or material respect with Castle, denies any wrongdoing, and otherwise denies the

remaining allegations contained in paragraph 3 of the Complaint.

4.    Romano denies that he and or non-party Informa competes in any relevant

or material respect with Castle, admits that Informa does business in New York, and otherwise

denies the remaining allegations contained in paragraph 4 of the Complaint.

5.    Romano denies knowledge of information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.    Romano denies that he violated 15 U.S.C. § 1125(a)(1) or that the

complaint states a claim upon which relief can be granted under the Lanham Act, and therefore

denies that there is any basis for federal questions jurisdiction or for the Court to exercise any

supplemental jurisdiction, and otherwise avers that the remainder of paragraph 6 is a conclusion

of law to which a response is not required.

7.    Romano denies that there is any basis for federal questions jurisdiction or

for the Court to exercise any supplemental jurisdiction and otherwise avers that the remainder of

paragraph 7 is a conclusion of law to which a response is not required.

8.    Romano denies that venue is proper and otherwise avers that the

allegations contained in paragraph 8 state a conclusion of law to which a response is not

required.

### Factual Background Common To All Claims

9.    Romano admits, on information and belief the first sentence of paragraph

9, denies knowledge of information sufficient to form a belief as to the truth or falsity of the

allegations contained in the second sentence of paragraph 9, admits that Castle uses the name

"Castle" and denies knowledge of information sufficient to form a belief as to the validity or

registration status of such a mark.  Romano otherwise denies the allegations of paragraph 9 of the Complaint.

10.     Romano admits that he sent an email dated June 4, 2012 (the "Email") that attached a letter dated May 23, 2012 (the "Letter") to an undisclosed list of recipients, avers that he *received* the letter from a major Castle customer, denies that his email was a publication or republication of the letter or that he endorsed the truth of the letter, refers to the email and the letter for their contents, and otherwise denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     Romano denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph11 of the Complaint.

12.     Romano avers that the Letter must be read in conjunction with the Email, avers that the content of the Email and the Letter speaks for themselves, avers, on information and belief, that some of the statements in the Letter quoted in paragraph 12 appear to be true in material respects and, therefore, that such statements are not "false and defamatory", avers that other statements are statements of opinion, or argumentative conclusions, not statements of fact, and that other statements are puffery, and are therefore not defamatory.  Romano admits, on information and belief that the family that controls Castle, while extremely wealthy, is not worth in excess of $1 billion and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Romano admits that he sent the Email that attached the "Letter to an undisclosed list of recipients, avers that he *received* the letter from a major Castle customer, denies that his email was a publication or republication of the letter or that he endorsed the truth of the letter, refers to the email and the letter for their contents, denies that he acted with any malice whatsoever or without a reasonable basis for his actions or in  reckless disregard of the

true facts, and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the Complaint.

14.     Romano denies knowing anything about a "Follow up Letter", denies that the allegation of paragraph 14 contains sufficient facts to even understand what it is alleging, and otherwise denies having knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph14 of the Complaint.

15.     Romano denies the allegations contained in paragraph 15 of the Complaint.

16.     Romano denies that he published any false or defamatory statements or caused any harm to Castle, and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph16 of the Complaint.

17.     Romano denies the allegations contained in paragraph 17 of the Complaint.

## STATEMENT OF CLAIMS

### COUNT I

**(Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125)**

18.     Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 17 of the Complaint, inclusive.

19.     Romano avers that the Letter must be read in conjunction with the Email, avers that the content of the Email and the Letter speaks for themselves, avers, on information and belief, that some of the statements quoted in paragraph 19 appear to be true in material respects and, therefore, that such statements are not defamatory, avers that other statements are statements of opinion, or argumentative conclusions, not statements of fact, and that other

statements are puffery, and are therefore not defamatory.  Romano admits, on information and belief that the family that controls Castle, while extremely wealthy, is not worth in excess of $1 billion,  denies that he intended to create confusion, mistake and deception among Castle's customers and prospective customers in the retail fuel oil business and the purchasing decisions of these customers and prospective customers, and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of the Complaint.

20.     To the extent it refers to him, Romano denies the allegations contained in paragraph 20 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     To the extent it refers to him, Romano denies the allegations contained in paragraph 21 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     To the extent it refers to him, Romano denies the allegations contained in paragraph 22 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Romano denies the allegations contained in paragraph 23 of the Complaint.

## COUNT II

### (Defamation)

24.     Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 23 of the Complaint, inclusive.

25.     Romano avers that the Letter must be read in conjunction with the Email, avers that the content of the Email and the Letter speaks for themselves, avers, on information

and belief, that some of the statements quoted in paragraph 25 appear to be true in material respects and, therefore, that such statements are not defamatory, avers that other statements are statements of opinion, or argumentative conclusions, not statements of fact, and that other statements are puffery, and are therefore not defamatory.  Romano admits, on information and belief that the family that controls Castle, while extremely wealthy, is not worth in excess of $1 billion,  denies that he intended to create confusion, mistake and deception among Castle's customers and prospective customers in the retail fuel oil business and the purchasing decisions of these customers and prospective customers, and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 of the Complaint.

26.    To the extent it refers to him, Romano denies the allegations contained in paragraph 26 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.    Romano denies having and knowledge or involvement in any "Follow up Letter" and otherwise denies having knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.    Romano denies the allegations contained in paragraph 28 of the Complaint.

29.    To the extent it refers to him, Romano denies the allegations contained in paragraph 29 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.    Romano denies the allegations contained in paragraph 30 of the Complaint.

## COUNT III

### (Tortious Interference with Contractual Relations)

31.     Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 30 of the Complaint, inclusive.

32.     Romano admits, on information and belief, that Castle has contracts to provide fuel oil to a number to residential and commercial customers and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     To the extent it refers to him, Romano denies the allegations contained in paragraph 33 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Romano denies the allegations contained in paragraph 34 of the Complaint.

## COUNT IV

### (Interference with Prospective Advantageous Business Relations)

35.     Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 34 of the Complaint, inclusive.

36.     To the extent it refers to him, Romano denies the allegations contained in paragraph 36 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint.

37.     Romano denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations concerning Castle's business practices or customer relationships, but denies that he made any defamatory statement and otherwise denies the remaining allegations contained in paragraph 37 of the Complaint.

38.      Romano denies the allegations contained in paragraph 38 of the Complaint.

39.      Romano denies the allegations contained in paragraph 39 of the Complaint.

## COUNT V

### (Violation of N.Y. Gen. Bus. Law § 349)

40.      Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 39 of the Complaint, inclusive.

41.      Romano denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.      To the extent it refers to him, Romano denies the allegations contained in paragraph 42 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.      To the extent it refers to him, Romano denies the allegations contained in paragraph 43 of the Complaint and otherwise denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.      Romano denies the allegations contained in paragraph 44 of the Complaint.

## COUNT VI

### (Unfair Competition)

45.      Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 44 of the Complaint, inclusive.

46.      Romano denies the allegations contained in paragraph 46 of the Complaint.

47.     Romano denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 47 of the Complaint and otherwise denies the allegation of paragraph 47 of the Complaint.

48.     Romano denies the allegations contained in paragraph 48 of the Complaint.

## COUNT VII

### (Permanent Injunction)

49.     Romano repeats and reiterates each of his responses to the allegations contained in paragraphs 1 through 48 of the Complaint, inclusive.

50.     Romano acknowledges that the complaint seeks an injunction, denies that there has been any claim stated against him or that there is any basis for an injunction as to Romano, and denies having knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 50 of the Complaint.

51.     Romano denies the allegations contained in paragraph 51 of the Complaint.

52.     Romano denies any wrongful conduct or causing any damages and avers that the allegations contained in paragraph 52 of the Complaint otherwise state a legal conclusion to which a response is not required.

53.     Romano denies the allegations contained in paragraph 53 of the Complaint.

54.     Romano denies the allegations contained in paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Lanham Act Claim fails to state a claim upon which relief can be granted and there is no basis for the exercise of supplemental jurisdiction, such that this Court lacks jurisdiction of the subject matter.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted. Without limiting the generality of the foregoing, the Complaint does not contain allegations of sufficient facts and those facts that are stated do not present a plausible claim within the meaning of controlling caselaw.

### Third Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because the Email did not constitute advertising or promotion.

### Fourth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because the Email and Letter are truthful.

### Fifth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because the Email constitutes protected speech in connection with a matter of public concern and/or is protected by the First Amendment to the Constitution of the United States of America.

### Sixth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because Castle is not in competition with Romano (and/or Informa) and/or the Email was not commercial speech.

**Seventh Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because the Email was sent without malice of any type.

**Eighth Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because the Email is subject to a qualified privilege.

**Ninth Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because the Letter and Email state mere opinions, conclusions and /or puffery, not facts.

**Tenth Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because Romano did not intend to harm Plaintiff.

**Eleventh Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because there was nothing wrongful, commercially immoral, improper, or unfair about Romano's sending of the Email.

**Twelfth Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because Romano's alleged conduct was not consumer oriented.

**Thirteenth Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, because the Email is not materially misleading.

### Fourteenth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because Romano has not misappropriated Plaintiff's efforts in developing its brand and trademark.

### Fifteenth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because Romano's sending of the Email was commercially reasonable conduct.

### Sixteenth Affirmative Defense

Plaintiff's purported claims are barred in whole or in part because there is not a threat of continuing harmful conduct against Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's purported claims for injunctive relief are barred in whole or in part, as an unconstitutional prior restraint.

### Eighteenth Affirmative Defense

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff has suffered no harm.

### Nineteenth Affirmative Defense

Venue is improper in this District.

WHEREFORE, Romano demands judgment against Plaintiff dismissing all claims with prejudice, and for such other relief as is just and equitable.

Dated:  New York, New York                   Respectfully Submitted,
       October 12, 2012

                                                      BOUNDAS, SKARZYNSKI,
                                                        WALSH & BLACK LLC

                                                By: */s/ James Sandnes*
                                                      James Sandnes
                                              One Battery Park Plaza
                                            New York, New York  10004
                                            Telephone:  (212) 820-7700

                                            *Attorneys for Defendant Louis Romano*

13

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 12, 2012, I filed the foregoing with the Clerk via the CM/ECF system which will send a notice of electronic filing to all parties.


                    */s/ James Sandnes*

                    James Sandnes

                    Attorney